# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Cr. ID No. 1511011810 |
| | ) | |
| SHAMAR T. STANFORD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: December 20, 2018
Decided: March 8, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S SECOND MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED
### AND
### MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED
### AND
### MOTION FOR TRANSCRIPTS AND MOTION TO COMPEL SHOULD BE DENIED

Zachary D. Rosen, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Shamar T. Stanford, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se.*

PARKER, Commissioner

This 8th day of March 2019, upon consideration of Defendant's Second Motion for Postconviction Relief, and related motions, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1.     In January 2016, Defendant Shamar T. Stanford was indicted for Possession of a Firearm by a Person Prohibited ("PFBPP"), Endangering the Welfare of a Child, and three drug offenses.  During pre-trial proceedings, Stanford's trial counsel filed a motion to suppress, which was denied on December 2, 2016.

2.     On December 12, 2016, Stanford pled guilty to two charges in the indictment- PFBPP and Endangering the Welfare of a Child.  Stanford was sentenced to a total of sixteen years of Level V incarceration, suspended after serving the five-year minimum mandatory term, followed by probation. In exchange for the guilty plea, the State agreed to dismiss the other charges in the indictment.

3.     Stanford did not file a timely direct appeal from the guilty plea or sentence.   In 2018, Stanford filed an untimely notice to appeal, and after he failed to respond to the notice to show cause why his appeal should not be

1

dismissed, Stanford's appeal was dismissed by the Delaware Supreme Court on May 16, 2018.[1]

4.    Stanford filed a series of letters and motions, including a motion for postconviction relief, attacking the validity of his guilty plea and sentence, the effectiveness of his trial counsel and the Superior Court's denial of his pre-trial suppression motion.

5.    Stanford's first postconviction relief motion was filed on January 18, 2017, amended on April 6, 2017, and amended again on May 17, 2017. By Order dated June 7, 2017, the Superior Court denied Stanford's first postconviction relief motion, as amended on April 6, 2017.[2] The case was remanded to the Superior Court by the Delaware Supreme Court for the Superior Court to address the outstanding claims raised in Stanford's second amended motion, his May 17, 2017 amended motion for postconviction relief.[3]

---

[1] *Stanford v. State*, Del., No. 141, 2018 (Delaware Supreme Court Order dated May 16, 2018 dismissing Stanford's untimely appeal).

[2] *State v. Stanford*, 2017 WL 2484588 (Del.Super.).

[3] *Stanford v. State*, 2017 WL 3165454 (Del.).

2

6. The Superior Court issued its Supplemental Order on August 28, 2017, addressing Stanford's second amended motion for postconviction relief filed on May 17, 2017.

7. In his first postconviction relief motion, Stanford sought to set aside his guilty plea on a number of grounds. Stanford claimed that the police lacked probable cause to search the residence in which he was arrested, that the search was unreasonable in that the officers lacked cause to conduct the search, that police officers committed perjury, that his counsel was ineffective at the suppression hearing and during his guilty plea, that his plea agreement was entered under duress, and that his sentence was improper.

8. The Superior Court conducted a full, thorough and detailed review of Stanford's claims, which included an expansion of the record and Stanford's former trial counsel provided an affidavit in response to the allegations of ineffectiveness. Following that careful review, the Superior Court found Stanford's claims raised in his first Rule 61 motion were procedurally barred and without merit and denied his motion for postconviction relief.[4] The Superior Court held that Stanford's challenges to the guilty plea, sentence,

---

[4] *State v. Stanford,* 2017 WL 3706959 (Del.Super.).

and pre-trial suppression ruling were procedurally barred and his challenges to his counsel's effectiveness were without merit.[5]

9. By Order dated May 15, 2018, the Delaware Supreme Court affirmed the decision of the Superior Court finding Stanford's claims raised in his first motion for postconviction relief, as amended, to be lacking in merit, procedurally barred and otherwise properly denied.[6]

10. Stanford requested the appointment of counsel on his first Rule 61 motion. That motion was denied by the Superior Court[7] and that denial was affirmed by the Delaware Supreme Court on appeal.[8]

11. Stanford requested the preparation of a transcript of the December 2, 2016, suppression hearing at the State's expense. The Superior Court denied the request on February 6, 2017[9] and denied another request for the

---

[5] *Id.*

[6] *Stanford v. State,* 2018 WL 2230702 (Del.).

[7] *State v. Stanford,* 2017 WL 2484588, *6 (Del.Super.).

[8] *Stanford v. State,* 2018 WL 2230702, *1 (Del.).

[9] Superior Court Docket No. 53- February 6, 2017 Order denying Stanford's request for a transcript of the December 2, 2016 suppression hearing at State expense.

preparation of the same transcript on March 2, 2017.[10] Stanford did not raise the denial of his transcript requests or argue that the transcripts were necessary to his postconviction motion on appeal.[11]

12.    On July 12, 2018, Stanford again filed a motion for transcripts. This time Stanford sought the transcription of his suppression hearing of December 2, 2016, and his plea and sentencing of December 12, 2016.[12] The Superior Court denied Stanford's request on July 16, 2018.[13]

13.    Stanford filed a petition for a writ of mandamus seeking an Order directing the Superior Court to prepare transcripts for him at the State's expense. The Delaware Supreme Court dismissed Stanford's petition for the issuance of a writ of mandamus.[14]

---

[10] Superior Court Docket No. 56- March 2, 2017 Order denying Stanford's second request for the same transcript at State expense.

[11] See, *In the Matter of the Petition of Shamar Stanford for a Writ of Mandamus,* 2019 WL 494456, *1 (Del.).

[12] Superior Court Docket No. 76- Stanford's motion for transcripts.

[13] Superior Court Docket No. 77- July 16, 2018 Order denying Motion for Transcripts.

[14] *In the Matter of the Petition of Shamar Stanford for a Writ of Mandamus,* 2019 WL 494456, *1 (Del.).

14. For the sake of completeness, Stanford also filed a motion to "Appeal Guilty Plea" and a motion for modification of sentence. These motions were both denied by the Superior Court on March 27, 2017.[15]

15. In addition, Stanford filed a motion for a second suppression hearing which was denied by the Superior Court on March 1, 2017.[16] The Superior Court explained that on December 12, 2016, Stanford entered a guilty plea and was sentenced. It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea. By pleading guilty, Stanford waived his right to further challenge the legality of the search conducted in his case. His request for a second suppression hearing was denied.[17]

## STANFORD'S SECOND RULE 61 MOTION

16. On October 1, 2018, Stanford filed the subject Rule 61 motion. Stanford also filed a motion for the appointment of counsel, a motion for

---

[15] Superior Court Docket No. 59- March 27, 2017 Order denying Motion to Appeal Guilty Plea; Superior Court Docket No. 60- March 27, 2017 Order denying Motion for Modification of Sentence.

[16] Superior Court Docket No. 56- March 1, 2017 denying motion for a second suppression hearing.

[17] Superior Court Docket No. 56- March 1, 2017 denying motion for a second suppression hearing.

transcripts at the State's expense, and a motion to compel materials from his former trial counsel and from the prosecutor.

17. On December 20, 2018, Stanford's second Rule 61 motion was assigned to the undersigned Commissioner.

18. Stanford must first satisfy the pleading requirements before he is entitled to proceed with this motion. Rule 61 mandates that in second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that *new* evidence exists that creates a strong inference that the defendant is actually innocent of the charges for which he was convicted, or 2) the existence of a *new* rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[18] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[19]

19. Stanford's second Rule 61 motion should be summarily dismissed. Stanford's first Rule 61 motion was filed in 2017, it was denied by the Superior Court in 2017, and the denial was affirmed by the Delaware Supreme Court in May 2018. Stanford has not pled with particularity that any *new*

---

[18] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i) (effective June 4, 2014).

[19] Super.Ct.Crim.R. 61(d)(5).

evidence exists that creates a strong inference that he is actually innocent of the charges for which he was convicted or that there is a *new* rule of law that would render his conviction invalid.

20. In fact, Stanford does not raise anything new or recently discovered. Stanford's claims presented in his second Rule 61 motion stem from facts known to him at the time of his suppression hearing, plea and sentencing. In the subject motion, Stanford again attacks the validity of his guilty plea and sentence, the effectiveness of his trial counsel during the pre-trial suppression motion and in connection with his guilty plea and sentence, and complains of prosecutorial misconduct and other improprieties related to the suppression motion, guilty plea and sentence.

21. After a full, thorough and careful consideration of the claims raised by Stanford in his first Rule 61 motion the Superior Court denied, and the Delaware Supreme Court affirmed, that Stanford's claims of improprieties with the suppression motion, plea and sentence were without merit and otherwise procedurally barred.

22. Stanford has failed to meet the pleading requirements allowing him to proceed with this Rule 61 motion. He has not met his burden to establish that any *new* evidence exists to support his claims, let alone *new* evidence that creates a strong inference that he is actually innocent of the charges for which

he pled guilty. All the evidence that Stanford relies on to support his claims in the subject Rule 61 motion stem from facts known to him at the time of his suppression hearing, plea and sentencing. He does not rely on anything new or recently discovered. In accordance with the mandates of Rule 61, Stanford's Rule 61 motion should be summarily dismissed.[20]

23. Stanford's motion also falls short of other procedural requirements that must be met in order to proceed with the merits of his claims. If a procedural bar exists, then the claim is barred and the court should not consider the merits of the claim.[21]

24. Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[22] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of *new* evidence or *new* rule of constitutional law) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated

---

[20] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i).

[21] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[22] Super.Ct.Crim.R. 61(i)(1).

9

in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[23]

25.    In the subject action, Stanford's motion is time-barred.[24] In order to be timely filed, a Rule 61 motion must be filed within one year of a final order of conviction.[25]    In this case, the final order of conviction was in January 2017,[26] and this motion was filed in October 2018, outside the applicable one year limit.  Stanford's claims, at this late date, are time-barred.

26.    As previously discussed, Rule 61(i)(2) further precludes this court's consideration of Stanford's motion since Stanford has not satisfied the pleading requirements for proceeding with this motion.  Stanford has not established that *new* evidence exists creating a strong inference of Stanford's actual innocence or the existence of a *new* rule of constitutional law made retroactive to this case that would render his conviction invalid.

---

[23]  Super.Ct.Crim.R. 61 (effective June 4, 2014).

[24]  *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[25]  Super.Ct.Crim.R. 61(i)(1).

[26] Super.Ct.Crim.R. 61(m)(1).

27. Rule 61(i)(4) also precludes Stanford's claims raised herein to the extent that these claims were raised and adjudicated in Stanford's first timely-filed Rule 61 motion. Stanley's claims which have already been raised, cannot now be re-stated, refined and re-raised in order to again seek review.[27]

28. Rule 61(i)(3) further prevents this court from considering any claim raised by Stanford at this late date that had not previously been raised. Stanford was aware of, had time to, and the opportunity to raise the claims presented herein in a timely filed motion. Stanford's claims raised in the subject motion stem from facts known to him at the time of his suppression hearing, plea and sentencing in 2016. He does not raise anything new or recently discovered.

29. Stanford has not established any prejudice to his rights and/or cause for relief. Stanford had time and opportunity to raise any issue raised herein in a timely filed direct appeal and/or in a timely filed postconviction motion. There is no just reason for Stanford's delay in doing so. Having been provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

---

[27] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).

11

30. Stanford has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, this motion should be summarily dismissed. Stanford's motion is also time-barred and otherwise procedurally barred.

## REQUEST FOR COUNSEL IS DENIED

31. Stanford's request for the appointment of counsel is denied. Rule 61, as amended effective June 4, 2014, provides that for second and subsequent postconviction relief motions, such as the subject motion, counsel is to be appointed only in limited exceptional situations.[28] Having fully, thoroughly and carefully considered Stanford's motion and the evidentiary record, none of the exceptional circumstances giving rise to the entitlement to the appointment of counsel exist in this case.[29] Since Stanford has failed to overcome the procedural hurdles warranting the appointment of counsel in this untimely, second postconviction motion, the appointment of counsel is denied.

---

[28] Super.Ct.Crim.R. 61(e)(4).

[29] Super.Ct.Crim.R. 61(e)(4).

## REQUEST FOR TRANSCRIPTS IS DENIED

32. Stanford has requested the transcription of the transcripts of his preliminary hearing, the suppression hearing and his plea and sentencing at the State's expense.

33. There is no absolute right, absent a showing of good cause, to free transcripts on collateral review.[30] Since Stanford's claims presented in his second Rule 61 motion are procedurally barred there is no need for the transcription of the transcripts requested. These transcripts will not aid in the presentation or consideration of Stanford's Rule 61 motion. Stanford's request for transcripts is denied.

## MOTION TO COMPEL IS DENIED

34. On March 6, 2019, Stanford filed a motion to compel his former trial counsel and the prosecutor to produce materials related to his case.

35. In light of the fact that Stanford's subject Rule 61 motion is being summarily dismissed on the grounds that it is procedurally barred the materials requested are not necessary to this proceeding. As such, Stanford's motion to compel is denied.

---

[30] *In the Matter of the Petition of Shamar Stanford for a Writ of Mandamus,* 2019 WL 494456, *1 (Del.).

## CONCLUSION

36. For all of the foregoing reasons, Stanford's Second Motion for Postconviction Relief should be SUMMARILY DISMISSED. Stanford failed to meet the pleading requirements for proceeding with the subject motion. Stanford's motion is also time-barred and otherwise procedurally barred.

37. In light of Stanford's motion being summarily dismissed, Stanford's request for the Appointment of Counsel, Motion for Transcripts at the State's Expense, and Motion to Compel are DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Lynne M. Parker

cc: Prothonotary
Matthew C. Buckworth, Esquire

14